Eastern District of Kentucky
**F I L E D**

APR 2 6 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY**

Lian Hui Qi, individually and on behalf all other
employees similarly situated,

Plaintiff,

- against -

Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant,
C/O Su Zhen Chen
3805 Dylan Place, Suite 130
Lexington, KY 40514

Su Zhen Chen
3805 Dylan Place, Suite 130
Lexington, KY 40514

and

Jian Li Lin
3805 Dylan Place, Suite 130
Lexington, KY 40514

Defendants.

Case No. 5:17-cv-188-KKC

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

Plaintiff Lian Hui Qi ("Plaintiff") on her own behalf and on behalf of all others similarly
situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this
complaint against the Defendants Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant, Su Zhen
Chen, and Jian Li Lin (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.     This is an action brought by Plaintiff on her own behalf and on behalf of similarly
situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA"), Kentucky Rev. Stat (KRS) § 337 et seq., arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and KRS § 337 by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wages, overtime compensation for all hours worked over forty (40) each workweek, and invalid mandatory tip pooling.

3.     Defendants have a longstanding policy and practice at its restaurant under which (1) Plaintiff was required to participate in an invalid mandatory tip pool, which includes the mandatory tip out of Defendants' other employees who do not regularly and customarily receive tips, (2) Plaintiff was not informed about the tip credits taken by Defendants or the amounts required to be to be tipped out to other employees who do not regularly and customarily receive tips, (3) Plaintiff was not permitted to retain all of her tips, (4) Plaintiff received no wages, a violation of the standard minimum wage, (5) Defendants failed to maintain and preserve accurate and adequate records containing the actual hours each employee worked each workday and total hours each employee worked each work week, (6) Plaintiff was not compensated for her hours worked, overtime, and tips collected by Defendants. These longstanding policies and practices are willful and have also unjustly enriched Defendants.

4.     On behalf of themselves and all others similarly situated who may choose to opt-in to this action, Plaintiff Lian Hui Qi now seeks restitution for the tips she and all other similarly situated have not been permitted to retain, as well as the minimum wage base pay that she did not receive, overtime compensation, liquidated damages, attorneys' fees and costs, and any other damages to which they may be entitled under law or equity. Plaintiff also assets a claim for unjust enrichment arising from the Defendants' illegal retention of its Plaintiff's earned tips

2

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and may assume supplemental jurisdiction over Plaintiff's state law claims on the basis of 28 U.S.C. § 1367.

6.     Venue with the Court is appropriate pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions complained of giving rise to the claims occurred within this judicial district.

## PLAINTIFF

7.     Plaintiff Lian Hui Qi is a resident of Queens County, New York. Ms. Qi was employed by Defendants as a member of the waitstaff who performed various non-managerial and non-administrative duties, such as serving customers, from March 2016 to April 2017. Ms. Qi was not exempt from the minimum wage provisions of the FLSA.

## CORPORATE DEFENDANTS

8.     Upon information and belief, Defendant Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant is a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in 3805 Dylan Place Suite 130 Lexington, Kentucky 40514 and during all relevant times herein, the former employer of Plaintiff Lian Hui Qi.

9.     Upon information and belief, Defendant has at all times relevant herein provided Management, policies, and had control over significant aspects of the day-to-day operations.

10.     Upon information and belief, at all tunes relevant herein, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C § 203(s)(1)(A), and was an "employer" within the meaning of the FLSA.

## INDIVIDUAL DEFENDANTS

11. Upon information and belief, Defendant Su Zhen Chen is the owner, officer, director and/or managing agent of Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant at 3805 Dylan Place Suite 130, Lexington, Kentucky 40514 and participated in the day-to-day operations of Osaka Japanese Restaurant, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant.

12. Upon information and belief, Defendant Su Zhen Chen owns the stock of Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

13. Upon information and belief, Defendant Jian Li Lin is the owner, officer, director and/or managing agent of Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant at 3805 Dylan Place Suite 130, Lexington, Kentucky 40514 and participated in the day-to-day operations of Osaka Japanese Restaurant, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant.

14. Upon information and belief, Defendant Jian Li Lin owns the stock of Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant.

## STATEMENT OF FACTS

16. Defendants committed the following alleged acts knowingly, intentionally and willfully.

17. Defendants knew that the nonpayment of wages, overtime pay, and unlawful retention of tips would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

18. Osaka Japanese Restaurant is a restaurant operated by Defendants in Lexington, Kentucky.

19. Plaintiff worked from March 16, 2016 to April 4, 2017.

20. Plaintiff's regular work schedule was from 10:50am to 10:00pm six (6) days a week, working an excess of forty (40) hours per week as a waitress.

21. Plaintiff regularly was required to perform other duties beyond those of a waitress, such duties include but are not limited to; refill sauces, prepare salads, make tea, vacuum, clean restrooms, and wash doors. Plaintiff did not receive any additional compensation for the required work, these mandatory duties required an additional four (4) hours of work per day.

22. Defendants did not provide a salary to Plaintiff, instead Plaintiff was only compensated by the tips she collects each day, disregarding the "service minimum wage" applicable in Kentucky. A service minimum wage is the minimum amount an employee can pay a tipped employee, in anticipation of the employee making enough in tips to bring the employee's pay up to at least the required legal minimum wage.

5

23. Plaintiff's compensation came only from tips, on average Plaintiff received $925-$1,125 per workweek.

24. Defendants required Plaintiff to participate in a mandatory tip pool and collected 20% of Plaintiff's tips each day and then disburse the collected amounts amongst Defendants' other employees who do not regularly and customarily receive tips.

25. Defendants knew or should have known that its mandatory tip pool policy or practice is in violation of the FLSA and Kentucky law. Defendants nevertheless continued to maintain the mandatory tip pool policy or practice.

26. Defendants did not allow Plaintiff to retain all of her tips.

27. Defendants did not inform Plaintiff, as required, of the provisions of 29 U.S.C § 203(m), which subsection governs the use of tip pools and tip credits.

28. Defendants failed to inform Plaintiff of the required tip pool contribution amount.

29. In administering the mandatory tip pool, Defendants collected cash and credit card tips, and then distributed the tips pursuant to their tip pool policy.

30. Defendants failed to maintain accurate records of the hours an employee works each day and the hours an employee works each week, as required by the FLSA and Kentucky law.

31. Defendants' conduct, as described herein, was the direct and proximate cause of economic damage to Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and

one-half), or Kentucky overtime rate (of time and one-half), in violation of the FLSA and Kentucky Law and the supporting federal regulations.

33.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

34.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than fifteen (15) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

35.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

7

36. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

38. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

> a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;
>
> b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;
>
> c. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and on behalf of all other of a class of persons under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

42. Plaintiff brings her Kentucky wage and hour claims and unjust enrichment claims on behalf of all who were employed by Defendant within the last five (5) years of the filing of this Complaint to the entry of judgment in this case (the "Class Period"), and who were not paid for all hours worked.

43. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, Plaintiff estimates that there are approximately 40 employees who would be members of the Class during the Class Period.

44. The claims of the Plaintiff are typical of the claims of the Class. Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform practices of Defendant in violation of Kentucky law.

45.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

46.     A class action is superior to other available methods of fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where liability for the Class turns on the same legal and factual issues.

47.     Additionally, the damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

48.     Absent these actions, many members of the Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its wage and hour violations.

49.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the Class and provide for judicial consistency.

50.     The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of regular and overtime wages to Plaintiffs applied, and continues to apply, to all class members. Accordingly, the class members are properly defined as the following:

         a.  For claims under Kent. Rev. Stat. Ch. 337:

All non-exempt employees who worked for Defendants within the last five (5) years who were not paid proper and complete minimum wages and overtime compensation for all hours worked in excess of 40 hours in one or more workweeks.

    b. For claims under Unjust Enrichment:

All employees who worked for Defendants within the last five (5) years who were not paid for all hours worked.

52. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

53. Plaintiff has the same interests in this matter all other members of the class and Plaintiff's claim is typical of the Class.

54. Plaintiff has no interests that are contrary to, or in conflict with, the members of the Class.

55. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether Plaintiff and members of the Class worked off-the-clock hours as alleged;

    b. Whether Defendants were aware that Plaintiff and members of the Class worked off-the-clock hours as alleged;

    c. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    d. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    e. Whether Defendants failed and/or refused to pay the members of the Class for all hours worked as alleged;

f.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees.

56.  The relief sought is common to the entire class including, inter alia:

a.  Payment by Defendants of actual damages caused by their failure to pay proper wages pursuant to Kentucky law;

b.  Payment by Defendants of liquidated damages caused by their failure to pay proper wages under Kentucky law;

c.  Payment by Defendants for damages related to unjust enrichment; and

d.  Payment by Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiff's counsel.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

57.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58.  The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

59.  The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

60. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

61. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

62. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

63. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

64. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT II
### [Violation of K.R.S. § 337.285 – Failure to Pay Overtime]

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Plaintiff regularly worked an excess of forty (40) hours per week.

67. Defendants' practice of avoidance of paying Plaintiff an hourly wage and hours

13

worked in excess of 40 hours in a week constitutes a violation of K.R.S. § 337.285

## COUNT III
### [Violation of the Fair Labor Standards Act—Failure to Pay Minimum Wage]

68.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.     Defendants did not provide an hourly rate nor wages to Plaintiff.

70.     Plaintiff's only compensation came from tips.

71.     Defendants took a tip credit while requiring Plaintiff to participate in an invalid mandatory tip pool.

72.     As a result of these violations, Defendants has failed to pay Plaintiff the required minimum wage under 29 U.S.C. § 203(m).

## COUNT IV
### [Violation of K.R.S. § 337.275(1) – Failure to Pay Minimum Wage]

73.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     Defendants did not provide an hourly rate nor wages to Plaintiff.

75.     Plaintiff's only compensation came from tips.

76.     Defendants took a tip credit while requiring Plaintiff to participate in an invalid mandatory tip pool.

77.     As a result of these violations, Defendants has failed to pay Plaintiff the required minimum wage under K.R.S. § 337.275(1)

## COUNT V
### [Violation of the Fair Labor Standards Act—Failure to Pay for Hours Worked]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Defendants did not provide an hourly rate nor wages to Plaintiff.

80. Plaintiff's only compensation from work performed came only in the form of tips received at the end of each day.

81. Defendants' failure to provide an hourly wage to Plaintiff results in a violation of 29 U.S.C. § 206.

## COUNT VI
### [Violation of K.R.S. § 337.020 – Failure to Pay for Hours Worked]

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Defendants did not provide an hourly rate nor wages to Plaintiff.

84. Plaintiff's only compensation from work performed came only in the form of tips received at the end of each day.

85. Defendants' failure to provide an hourly wage to Plaintiff results in a violation of K.R.S. § 337.020.

## COUNT VII
### [Violation of the Fair Labor Standards Act—Failure to Inform about Tip Wage Credit]

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. The FLSA requires that an employer inform its employees of 29 U.S.C. § 203(m) if the employer intends to take a "tip wage credit."

88. Defendants took a tip wage credit with respect to Plaintiff.

89. Defendants' failure to inform Plaintiff of these provisions constitutes a violation of

29 U.S.C. § 203(m).

## COUNT VIII
### [Violation of the Fair Labor Standards Act—Invalid Mandatory Tip Pool]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     Defendants' required Plaintiff to participate in a tip pool.

92.     Defendants' tip pool policy or practice requires that Plaintiff pool tips to provide tips to other employees who do not regularly and customarily receive tips.

93.     A mandatory tip pool that includes other employees who do not regularly and customarily receive tips is invalid under 29 U.S.C. § 203(m).

## COUNT IX
### [Violation of K.R.S. § 337.065(3) – Mandatory Tip Pool]

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     Defendants required waitstaff employees to participate in a tip pool.

96.     Kentucky law prohibits mandatory tip pools.

97.     Defendants' mandatory tip pool violates K.R.S. § 337.065(3).

## COUNT X
### [Violation of the Fair Labor Standards Act—Failure to Inform about the Tip Pool]

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     Employers making use of a mandatory tip pool are required to inform the employee of any required tip pool contribution amount.

100.    Defendants' failure to inform Plaintiff of the required tip pool contribution amounts constitutes a violation.

## COUNT XI
### [Violation of the Fair Labor Standards Act—Failure to Allow Employees to Retain All Tips]

101.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102.    Defendants required Plaintiff to participate in a tip pool.

103.    Defendants' tip pool policy or practice requires that Plaintiff pool tips to provide tips to other employees who do not regularly and customarily receive tips in violation of the FLSA.

104.    Defendants' policy or practice resulted in Plaintiff not retaining all of her tips in violation of 29 U.S.C. § 203(m).

## COUNT XII
### [Violation of K.R.S. § 337.065(3) – Failure to Allow Employees to Retain All Tips]

105.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106.    Defendants required Plaintiff to participate in a tip pool.

107.    Defendants' policy or practice results in employees not retaining all of their tips in violation of K.R.S. § 337.065(3).

## COUNT XIII
### [Violation of the Fair Labor Standards Act—Failure to Keep Records]

108.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109.    Defendants failed to maintain and preserve accurate and adequate records containing the actual hours each employee works each workday and total hours each employee

works each workweek.

110.     Defendants' failure to maintain and preserve accurate and adequate records constitutes a violation of 29 U.S.C. § 211(c).

## COUNT XIV
### [Violation of K.R.S. § 337.320(1) – Failure to Keep Records]

111.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.     Defendants failed to maintain and preserve accurate and adequate records containing the actual hours each employee works each workday and total hours each employee works each workweek.

113.     Defendants' failure to maintain and preserve accurate and adequate records constitutes a violation of K.R.S. § 337.320(1).

## COUNT XV
### [WILLFUL VIOLATIONS]

114.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115.     Defendants intentionally engaged in subterfuge in order for it to appear that Plaintiff was making a minimum wage, when in reality they were not per the terms of the FLSA and state minimum wage law.

116.     Defendants knew or should have known its policy and practice of requiring Plaintiff to participate in a mandatory tip pool that includes sharing tips with other employees not customarily and regularly tipped is in violation of the FLSA and Kentucky Law or Defendants should have inquired further into whether said policy and practice is in violation of the FLSA and Kentucky law and failed to make adequate further inquiry.

117.    As a consequence, said policy and practice is willful in nature.

## COUNT XVI
## [UNJUST ENRICHMENT]

118.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.    Defendants' practice of nonpayment of wages to and misappropriating a portion of Plaintiff's tips was inequitable and constitutes unjust enrichment under Kentucky Law.

### Prayer for Relief

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action and class, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure;

e) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Kentucky Law;

g) Restitution for tips that Plaintiff employees have not been permitted to retain;

h) Restitution for the portion of the minimum wage that Defendants; Plaintiff did not receive in base pay;

i) An injunction against Chen Osaka, Inc. its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

j) An award of unpaid overtime wages due under FLSA and Kentucky Law, plus compensatory and liquidated damages pursuant to 29 U.S.C. § 216(b) and K.R.S. § 337.385(1) ;

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and K.R.S. §337.385(1);

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees; and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

20

Dated: Flushing, New York April 21, 2017

HANG & ASSOCIATES, PLLC.

Jian Hang, Esq. (Pro Hac Vice application forthcoming)
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*