UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

*Electronically Filed*

| | |
|---|---|
| LIAN HUI QI, Individually and on behalf of all other employees similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEN OSAKA, INC. d/b/a OSAKA JAPANESE RESTAURANT, SU ZHEN CHEN, and JIAN LI LIN )<br>)<br>)<br>)<br>Defendants ) | Civil Action No.: 5:17-CV-00188-KKC |

### JOINT EXPEDITED MOTION FOR COURT APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND DISMISSAL OF CASE WITH PREJUDICE

Lian Hui Qi ("Plaintiff") and Chen Osaka, Inc. d/b/a Osaka Japanese Restaurant, Su Zhen Chen, and Jian Li Lin (collectively, "Defendants"), jointly move the Court to approve their settlement agreement and dismiss this case with prejudice. In support of their joint motion, the parties state as follows:

### INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Plaintiff and Defendants jointly request that the court enter a stipulated order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiff's alleged claim to damages under the FLSA and Kentucky wage and hour laws. The Parties have carefully and exhaustively negotiated settlement in this action. They have agreed to settle the case, taking into account the disputed issues of fact and law, on the terms set forth in the Confidential Settlement Agreement

and Release (the "Agreement"), which was filed with this Court under seal. (*See* filed Agreement).

In approving settlements of FLSA cases, district courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*. 679 F.2d 1350 (11th Cir. 1982); *see Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."); *see also Cruz v. Don Pancho Mkt., LLC*, No. 1:15-cv-00698-PLM, 1:16-cv-00569-PLM, 2016 U.S. Dist. LEXIS 115699, at *6 (W.D. Mich. Aug. 23, 2016) ("The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned."). In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The Agreement in this case reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the proposed settlement is fair and reasonable. The Court will find, after scrutinizing the Agreement, that it is fair and should be approved.

## **PROCEDURAL HISTORY**

Plaintiff filed the instant action against Defendants on April 26, 2017 [DE 1]. Plaintiff asserted sixteen causes of action—(1) non-payment of overtime wages under the FLSA; (2) non-

payment of overtime wages under Kentucky law; (3) failure to pay minimum wage under the FLSA; (4) failure to pay minimum wage under Kentucky law; (5) failure to pay for hours worked under the FLSA; (6) failure to pay for hours worked under Kentucky law; (7) failure to inform about tip-wage credit under the FLSA; (8) invalid mandatory tip pool under the FLSA; (9) invalid mandatory tip pool under Kentucky law; (10) failure to inform about the tip pool under the FLSA; (11) failure to allow employees to retain all tips under the FLSA; (12) failure to allow employees to retain all tips under Kentucky law; (13) failure to keep records under the FLSA; (14) failure to keep records under Kentucky law; (15) willful violations; and (16) unjust enrichment. Defendants deny any wrongdoing whatsoever and do not admit to any violation of any law, statute, or regulation.

On May 30, 2017, counsel for the Defendants, through a Motion for Extension of Time [DE 7], requested that the Court extend the deadline to respond to the Complaint through June 29, 2017 and the motion was granted by this Court on May 31, 2017 [DE 8]. On June 28, 2017, Defendants moved for a second extension of time and requested the deadline to respond to Plaintiff's Complaint be extended to July 31, 2017 [DE 9]. The motion was granted by this Court on June 28, 2017 [DE 10]. The Parties thereafter agreed to mediation and filed a Joint Motion to Stay Proceedings Pending Mediation [DE 11] on July 28, 2017. The motion was granted by this Court on July 31, 2017 [DE 12]. This Court referred this matter to Magistrate Judge Robert E. Wier for mediation on August 15, 2017 [DE 13] and the Parties participated in mediation before Judge Wier on October 17, 2017 [DE 15]. The mediation resulted in the Settlement Agreement that was filed under Seal with this Court. (*See* filed Agreement).

## ARGUMENT

### A. The court should approve the Agreement negotiated by the Parties.

This Court should approve this Agreement because the settlement is a product of contested litigation, Plaintiff is represented by counsel, the settlement arrangement reflects a reasonable compromise over disputed issues of fact and law, and the settlement terms are fair and reasonable under the facts and circumstances of this case.

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc.*, 679 F.2d at 1352. The options are: (1) that the Secretary of Labor can supervise the payment of back wages; or (2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In accordance with the second option, the Plaintiff and Defendants request this Court to approve the Parties' Agreement.

A district court, when reviewing a proposed settlement of a FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement: (1) was the settlement achieved in an adversarial context?; (2) was the Plaintiff represented by attorney(s) who can protect their rights?; (3) does the settlement reflect a reasonable compromise over issues that are actually in dispute?; (4) is the settlement fair? *Id.* at 1354.

The Agreement reveals that the settlement was reached in an adversarial proceeding through arm's-length negotiations among capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The settlement reflects a reasonable compromise regarding a *bona fide* dispute between the Parties regarding the questions of liability and the

4

amount of alleged damages under the FLSA. Furthermore, the settlement is fair, just, and an adequate resolution of the claims at issue.

The endorsement of the settlement by counsel for both Parties is a "factor [that] weighs in favor of approval." *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *15 (S.D. Tex. May 7, 2008). In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiff's attorney is fully aware of the factual contentions of his client and is in the best position to opine as to whether this settlement produces a fair result after consideration of risk. He has opined and agrees that the settlement reached between the Parties produces a fair result. The court should recognize that "[b]ecause the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the court should not 'decide the merits of the case or resolve unsettled legal questions.'" *Birchett v. Apt. Inv. & Mgmt. Co.*, No. 07-CV-12939-DT, 2008 U.S. Dist. LEXIS 107441, at * 3 (E.D. Mich. Nov. 26, 2008) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)).

The Parties have entered into the Agreement to avoid the necessity, expense, inconvenience, and uncertainty of litigation. Based upon the investigation of the undersigned counsel, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the benefits to be received pursuant to this Agreement, Plaintiff, at the advice of her counsel, has concluded that a settlement with the Defendants on the terms and conditions set forth in the Agreement is fair, reasonable, adequate,

and in the best interest of the Plaintiff. Although Defendants continue to deny and disclaim any liability with regard to Plaintiff's claims, Defendants nevertheless desire to settle the dispute on the terms set forth in the Agreement for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the action.

This is a matter where continued attorneys' fees and costs on both sides could easily dwarf the actual amount in controversy if the case were to proceed through trial. The Parties, with the Court's approval, would like to resolve and settle this dispute short of continued litigation.

### B. The court should approve the fees and costs award contemplated by the Agreement.

The court also should award Plaintiff's counsel attorney's fees and costs as outlined in the Agreement.

An award of attorney's fees and costs must be reasonable, meaning an award adequate to attract competent counsel, but one that does not produce a windfall to attorneys. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "[A] court must first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Reed*, 179 F.3d at 471. This amount can then be adjusted using the twelve-factor test used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). These factors include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case;

6

> (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id. at* 471 n. 3.

Counsel for the Plaintiff states that, of the total settlement value, his firm will receive 40% of the total settlement value (*See* filed Agreement), including reimbursement of $2,000 in expenses for filing fees, *pro hac vice* admission fees, travel costs, and others expenses. Plaintiff's Counsel spent over 66 hours in this matter, and had Counsel been billing hourly, would have incurred substantial fees and costs. Courts in other Circuits have previously approved attorney fees of 40% for Plaintiff's counsel in similar cases. See e.g. *Wang v. New Chopsticks Inc.*, 16-cv-3786.

Generally, Hang & Associates, PLLC represents both plaintiffs and defendants with respect to litigating claims arising out of the employment relationship, including claims relating to employment discrimination, wage and hour issues, and contact disputes. While the majority of plaintiff-side work is contingency based, Plaintiff's counsel typically calculate our attorney fees based on our hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates PLLC, has over ten years of experience in the field of employment law. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Hang & Associates, PLLC focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. The number of attorney hours represented in the attorney worksheet, attached as **Exhibit A**, is reasonable and represents hours that were necessarily expended on this litigation.

Defendants state that solely in resolution of this matter, these fees are reasonable. Plaintiff similarly agrees that in resolution of this matter, these fees are reasonable.

## CONCLUSION

The settlement terms reached in this dispute represent a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request that the court approve the Agreement and enter the proposed order.

        Respectfully submitted,

        Michael W. Hawkins
        DINSMORE & SHOHL LLP
        255 E. 5th Street, Suite 1900
        Cincinnati, OH 45202
        513-977-8200 (telephone)
        513-977-8141 (facsimile)
        michael.hawkins@dinsmore.com

        /s/ Travers B. Manley
        Travers B. Manley
        Brett R. Nolan
        DINSMORE & SHOHL LLP
        250 West Main Street, Suite 1400
        Lexington, Kentucky 40507
        859-425-1000 (telephone)
        859-425-1099 (facsimile)
        travers.manley@dinsmore.com
        brett.nolan@dinsmore.com
        *Counsel for Defendants*

        /s Jian hang
        Jian Hang
        136-18 39th Avenue, Suite 1003
        Flushing, New York 11354
        jhang@hanglaw.com
        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed on November 16th, 2017 using the Court's ECF system, which sends notice upon all counsel of record.

/s/ Travers B. Manley
*Counsel for Defendants*
